SA:JAM

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | 15-918 M |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - X | |
| UNITED STATES OF AMERICA | **TO BE FILED UNDER SEAL** |
| -against- | COMPLAINT AND AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT |
| KERRY ELMORE,<br>DESTRY KEARSE, and<br>NAQUAN RUSSELL | |
| | (T. 18, U.S.C., §§ 1951 and 2) |
| Defendants. | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - -X | |

EASTERN DISTRICT OF NEW YORK, SS:

JAMES GODSIL, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation ("FBI"), duly appointed according to law and acting as such.

On or about February 10, 2015, within the Eastern District of New York, the defendants KERRY ELMORE, DESTRY KEARSE, and NAQUAN RUSSELL, together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, to wit: merchandise, and conspire to do the same, by robbery.

(Title 18, United States Code, Sections 1951 and 2).

The source of your deponent's information and the grounds for his belief are as follows:

1.      I have been a Special Agent with the FBI for more than five years and am currently assigned the Newark, New Jersey Field Office, where I am responsible for conducting and assisting in investigations into the activities of individuals and criminal groups responsible for violent crimes, including robberies, burglaries, extortion, and major theft.  These investigations are conducted both in an undercover and overt capacity.  I have participated in investigations involving search warrants and arrest warrants.  As a result of my training and experience, I am familiar with the techniques and methods of operation used by individuals involved in criminal activity to conceal their activities from detection by law enforcement authorities.

2.      I have personally participated in the investigation set forth below.  I am familiar with the facts and circumstances of the investigation through my personal participation; from discussions with other FBI agents and representatives of other law enforcement agencies; and from my review of records and reports relating to the investigation.  Unless otherwise noted, wherever in this Affidavit I assert that a statement was made, the information was provided by another agent, officer, or witness who may have had either direct or hearsay knowledge of that statement and to whom I or others have spoken or whose reports I have read and reviewed.  Such statements are among many statements made by others and are stated in substance and in part unless otherwise indicated.  Likewise, information resulting from surveillance sets forth either my personal observations or information provided directly or indirectly through other law enforcement officers who conducted such surveillance.

3.      The FBI and the New York City Police Department ("NYPD") are investigating the February 10, 2015 armed robbery of a commercial warehouse (the "East

Rutherford Warehouse") located at 450 Murray Hill Parkway in East Rutherford, New Jersey. As detailed below, the investigation has shown that the defendants KERRY ELMORE, DESTRY KEARSE, and NAQUAN RUSSELL, together and with others, carried out the robbery.

4. According to witness interviews and a review of video surveillance footage from security cameras at the East Rutherford Warehouse, on or about February 10, 2015 at approximately 2:30 a.m., a group of masked individuals entered the East Rutherford Warehouse. The manager of the facility was threatened with an electronic stun gun and bound with zip ties while the masked individuals stole approximately $340,748 worth of computer equipment, including 239 Apple laptops. The Apple laptops were engraved with "Property of the NYC Department of Education." Also taken were 48 Dell hard drive towers, 24 Dell monitors, and 24 sets of Dell speakers, all of which had been purchased by the New York City Police Department ("NYPD").

5. Video footage from the security cameras at the East Rutherford Warehouse further depicts the individuals utilizing the warehouse's equipment to move pallets of computer equipment into the freight elevator. The pallets were eventually loaded into three vehicles: a white-colored box truck, a yellow Penske box truck (the "Penske Truck"), and a white U-Haul box truck (the "U-Haul Truck"). As discussed in more detail below, the U-Haul Truck was rented on February 9, 2015 at approximately 3:30 p.m. in Long Island City, Queens, and the Penske Truck was rented on February 9, 2015 at approximately 2:30 p.m. in Brooklyn, New York.

6. Review of NYPD records indicated that on or about February 25, 2015, the Penske Truck was reported stolen. The Penske Truck was later located by law

enforcement on March 3, 2015 in front of 169 Classon Avenue in Brooklyn, New York. The Penske Truck contained 24 of the aforementioned Dell hard drive towers that had been purchased by the NYPD. The U-Haul Truck was abandoned and eventually towed from the area of Crescent Street and Flatlands Avenue in Brooklyn, New York.

7. Other members of law enforcement have also reviewed video images from various surveillance cameras recovered from the vicinity of the East Rutherford Warehouse. Review of the video from one such camera, taken from an Exxon gas station at 185 Route 17 South (approximately 2.1 miles from the East Rutherford Warehouse), revealed that a yellow Penske box truck was present at that location at 1:14 a.m., approximately one hour prior to the robbery. In the video, the driver of the truck can be seen wearing a Bluetooth earpiece, entering the gas station, and purchasing a cup of coffee using a debit card. Review of bank records has revealed that the debit card used is a Visa debit card, account number ending in 9386. Records provided by Visa indicated the account holder for the debit card is defendant KERRY ELMORE. Visa records also indicated a Sprint cellular telephone number ending in 4890 is the contact number on the account for defendant ELMORE ("the ELMORE telephone"). Records obtained from Sprint for the ELMORE telephone confirm that it is registered to defendant ELMORE.

8. I have also reviewed photographs of the defendant KERRY ELMORE from various government databases. The photographs of defendant ELMORE appear to depict the same individual captured on the aforementioned surveillance footage from the Exxon gas station.

9. Pursuant to a court order issued on or about March 10, 2015 by the Honorable Cheryl L. Pollack, special agents obtained call detail and historical cell site

information from Sprint for the ELMORE telephone.  These records confirm that the ELMORE telephone was transmitting from the close vicinity of the East Rutherford Warehouse on February 10, 2015 during the time of the robbery.  Specifically, the ELMORE ELMORE telephone utilized a Sprint cell phone tower approximately four tenths of a mile from the East Rutherford Warehouse for three calls between 2:44 a.m. and 2:51 a.m.

10. Review of records obtained from Sprint show substantial contacts between the ELMORE telephone and a T-Mobile cellular telephone, number ending in 1710. Review of T-Mobile records confirm that the registered user of said telephone ending in 1710 ("the RUSSELL telephone") is defendant NAQUAN RUSSELL.  Specifically, between February 5, 2015 and April 20, 2015, there are approximately 1,112 calls and text messages between the ELMORE telephone and the RUSSELL telephone.  Twenty-six of these communications occur between February 9 and 10, 2015.  The ELMORE telephone also contacts the RUSSELL telephone during the time of the robbery at the East Rutherford Warehouse on February 10, 2015 at 2:44 a.m. and 2:50 a.m.

11. Sprint records also show contacts between the ELMORE telephone and another Sprint cellular telephone, number ending in 4093.  Sprint records confirm that the registered user of said telephone ending in 4093 ("the KEARSE telephone") is defendant DESTRY KEARSE.  Specifically, the ELMORE telephone is in contact with the KEARSE telephone numerous times on February 9, 2015 between 3:00 p.m. and 3:05 p.m., which corresponds to the pickup times of the Penske and U-Haul trucks believed to have been used in the robbery.  The ELMORE and KEARSE telephones are also in contact on February 10, 2015 in the afternoon after the robbery.  In addition, the ELMORE telephone is also in

contact with the KEARSE telephone immediately prior to the robbery at the East Rutherford Warehouse, with approximately 11 calls occurring between 12:57 a.m. and 2:36 a.m.

12. Pursuant to court orders issued on or about May 21, 2015 by the Honorable Ramon E. Reyes, special agents have obtained historical cell site information from T-Mobile and Sprint for the RUSSELL and KEARSE telephones, respectively. Cell site information confirms that both the RUSSELL and KEARSE telephones were transmitting from the close vicinity of the East Rutherford Warehouse on February 10, 2015 during the time of the robbery. Specifically, the KEARSE telephone utilized a Sprint cell phone tower approximately four tenths of a mile from the East Rutherford Warehouse – the same cell phone tower as utilized by the ELMORE telephone - for three calls between 2:15 a.m. and 2:36 a.m. Similarly, the RUSSELL telephone utilized a T-Mobile cell phone tower approximately four tenths of a mile from the East Rutherford Warehouse for four calls and text messages between 2:28 a.m. and 2:29 a.m.

13. Moreover, on or about July 9, 2015, special agents obtained records from Apple showing that one of the stolen laptops, serial number ending in G584, was registered by defendant NAQUAN RUSSELL.

WHEREFORE, your deponent respectfully requests that arrest warrants for the defendants KERRY ELMORE, NAQUAN RUSSELL, and DESTRY KEARSE be issued so that they may be dealt with according to law. I further request that the Court order that this application, including the affidavit and arrest warrants, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation. Disclosure of this application and these orders would seriously jeopardize the ongoing investigation, as such a disclosure would give the targets of the investigation an opportunity to destroy evidence,

harm or threaten victims or other witnesses, change patterns of behavior, notify confederates who have not been identified or apprehended, and flee from or evade prosecution.

S/ James Godsil

_____
JAMES GODSIL
Special Agent
Federal Bureau of Investigation

Sworn to before me this
24th\_\_\_\_day of Septembert, 2015

S/ Vera Scanlon
_____
THE HONORABLE Vera Scanlon
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK